UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARECOR, L.L.C.                                         CIVIL ACTION

VERSUS

NO. 16-519-JJB-RLB

SANTA ROSA CONSULTING, INC. and
SANDLOT SOLUTIONS, INC.

**RULING**

Pending before the Court is Defendant Santa Rosa Consulting, Inc's *Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)*[1] and Defendant Sandlot Solutions, Inc.'s *Rule 12(b)(6) Motion to Dismiss*.[2] Plaintiff ShareCor, L.L.C. has filed *Oppositions*[3] to both *Motions*, to which the Defendants have each filed their respective *Reply Briefs*.[4] For the following reasons, the Defendants' *Motions* shall be denied without prejudice.

**I.    FACTS AND PROCEDURAL BACKGROUND**[5]

ShareCor, a Louisiana limited liability company with its principal place of business in Metairie, Louisiana, operates an administrative claims-based data collection, data processing, data reporting, and data delivery service for healthcare facilities. In order to expand its operations, ShareCor entered into a Sandlot Solutions Subscription Services Agreement ("Agreement"), with Sandlot Solutions, Inc. ("Sandlot"), a Delaware corporation with its principal place of business in Irving, Texas, and Santa Rosa

---

[1] Doc. 3.
[2] Doc. 11.
[3] Doc. 16 and Doc. 21.
[4] Doc. 14, Doc. 20 (*Supplemental Reply Brief*), and Doc. 26.
[5] The factual background is taken from the allegations plead in ShareCor's *Petition*. Doc. 1-1.

1

Consulting, Inc. ("Santa Rosa"), a Delaware corporation with its principal place of business in Franklin, Tennessee. Pursuant to the Agreement, Sandlot was to provide ShareCor "Implementation and Configuration Services" and "Subscription Services" for an initial five year term. Santa Rosa, an affiliate of Sandlot, agreed to step into the shoes of Sandlot in the event a "Release Condition" as set forth in the Agreement was triggered during the initial term. Specifically, Santa Rosa agreed to provide "the same level of service and functionality to [ShareCor's] Participants that Sandlot agreed to provide under this Agreement" for a period of one year.

ShareCor claims that while it fulfilled its obligations under the Agreement, both Sandlot and Santa Rosa failed to do so, and therefore, have breached the Agreement. ShareCor further contends that Sandlot fraudulently induced it to enter into a Change Order in January of 2016 by withholding the fact that it was on the verge of ceasing its business operations. Pursuant to the Change Order, the parties revised certain goals and goal payments, ShareCor waived its claims against Sandlot in connection with Sandlot's failure to meet the goals or delivery schedule, and ShareCor agreed to pay Sandlot an additional $179,280 in recognition of progress. According to ShareCor, it never would have agreed to the Change Order had it known the true state of Sandlot's business; therefore, the Change Order is void due to fraud and/or error. Shortly thereafter, ShareCor notified the Defendants of the specific breaches to the Agreement and its intention to hold the Defendants liable.

On June 21, 2016, ShareCor filed a *Petition*[6] in the 19th Judicial District Court against the Defendants asserting state law breach of contract claims and a single

---

[6] *ShareCor, L.L.C. versus Santa Rosa Consulting, Inc. and Sandlot Solutions, Inc.*, Docket No. 649316, Section 23, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

business enterprise claim ("SBE").  On August 4, 2016, Santa Rosa removed the action to the Middle District of Louisiana.  Defendants now seek dismissal of ShareCor's SBE claim on Rule 12(b)(6) grounds.  Defendants further contend that dismissal is warranted because under the terms of the parties' Agreement and Louisiana's choice of law principles, Delaware law, which does not recognize SBE claims, applies in this case, and ShareCor has failed to state a viable alter ego claim under Delaware law.

## II.     INITIAL MATTER: JUDICIAL NOTICE

Under Rule 201 of the Federal Rules of Evidence, a court may judicially notice a fact that is "not subject to reasonable dispute" in that it is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[7]  ShareCor asks the Court to take judicial notice of (1) allegations in the Texas State Court Petition, *Robert Porr v. Sandlot Sol'ns, Inc.; Santa Rosa Consulting, Inc., Joseph Casper*, No. 153-284548-16, District Court, Tarrant County, Texas; and (2) certified copies of the Annual Franchise Tax Reports filed with the Delaware Secretary of State by Sandlot and Santa Rosa in 2016.

As for the allegations in the *Porr Petition*, ShareCor argues that they "clearly support ShareCor's assertion that Santa Rosa dominated and controlled Sandlot and the intertwined finances of the two entities."[8]  The Court construes this argument as ShareCor asking the Court to take judicial notice of the allegations as proof of the truth of the facts stated therein.  While it is true that a court may take judicial notice of the fact that related litigation or filing exists in a different forum, "courts generally cannot take notice of facts

---

[7] Fed.R.Evid. 201(b).
[8] Doc. 16, p. 8; Doc. 21, pp. 7-8.

3

asserted in those pleadings or orders as they 'are usually disputed and almost always disputable.'"[9]  Therefore, the Court will not take judicial notice of the factual allegations of the *Porr Petition*.

Turning to ShareCor's second request, the certified copies of the Annual Franchise Tax Reports filed with the Delaware Secretary of State are public documents.  The document bears a government seal and signature, and its accuracy cannot be reasonably questioned.  Accordingly, the Court shall take judicial notice of the Annual Franchise Tax Reports.

## III.  RULE 12(b)(6) STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10]  The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[11]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12]  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[13]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

---

[9] *Hoffman v. Bailey*, Civ. Action No. 13-5153, 2016 WL 409613, *8 (E.D.La. Feb. 3, 2016)(quoting *Ferguson v. Extraco Mortg. Co.*, 264 Fed.Appx. 351, 352 (5th Cir. 2007)).
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[13] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15]  However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[17]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]

## IV.   ANALYSIS

The parties not only contest the viability of ShareCor's claims, but the applicable law that controls ShareCor's claims in light of the parties' Agreement.  Considering that none of the parties have adequately briefed the issue of which law governs the claims, specifically why the "general provisions" of Section 19 of the Agreement do not apply to all of the parties or the entire Agreement,[20] the Court shall assess ShareCor's claims under both Louisiana's single business enterprise (SBE) theory and Delaware's alter ego theory.

---

[14] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).
[16] *Id.* (citing *Twombly*, 550 U.S. at 556).
[17] *Id.*
[18] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[19] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[20] Santa Rosa and Sandlot argue that the Fifth Circuit decision, *Energy Coal S.P.A. v. Citgo Petroleum Corp.*, 836 F.3d 457 (5th Cir. 2016), is dispositive of this issue.  Unlike the named defendant in *Energy Coal*, Santa Rosa and Sandlot were both signatories to the Agreement at issue in this case.  Therefore, one of the threshold issues before the Court is contract interpretation.

Turning to ShareCor's SBE claim, Louisiana courts have identified the following 18 factors to be considered in analyzing whether two entities constitute a SBE:

> 1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control; 2. common directors or officers; 3. unified administrative control of corporations whose business functions are similar or supplementary; 4. directors and officers of one corporation act independently in the interest of that corporation; 5. corporation financing another corporation; 6. inadequate capitalization ('thin incorporation'); 7. corporation causing the incorporation of another affiliated corporation; 8. corporation paying the salaries and other expenses or losses of another corporation; 9. receiving no business other than that given to it by its affiliated corporations; 10. corporation using the property of another corporation as its own; 11. noncompliance with corporate formalities; 12. common employees; 13. services rendered by the employees of one corporation on behalf of another corporation; 14. common offices; 15. centralized accounting; 16. undocumented transfers of funds between corporations; 17. unclear allocation of profits and losses between corporations; and 18. excessive fragmentation of a single enterprise into separate corporations.[21]

As the parties all seem to recognize, the foregoing list is "illustrative and is not intended as an exhaustive list of relevant factors."[22] Furthermore, "[n]o one factor is dispositive of the issue of 'single business enterprise.'"[23]

Although Delaware has not adopted the SBE theory as a means of piercing the corporate veil, it does recognize the alter ego theory as grounds for doing so. To state a viable alter ego claim under Delaware law, the plaintiff must allege: (1) that the Defendants "operated as a single economic entity" and (2) that an "overall element of injustice or unfairness … [is] present."[24] The relevant factors for assessing whether one

---

[21] *Green v. Champion Ins. Co.*, 577 So.2d 249, 257-58 (La.App. 1 Cir. 3/5/91).
[22] *Id.* at 258.
[23] *Id.*
[24] *In re CLK Energy Partners, LLC*, Bankruptcy No. 09-50616; Adversary No. 09-05042, 2010 WL 1930065, *6 (W.D.La. May 12, 2010)(quoting *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F.Supp. 1076, 1085 (D.Del. 1990); *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2nd Cir. 1995)).

6

or more companies constitute a single economic entity include the following: "(1) undercapitalization; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) the insolvency of the debtor corporation at the time; (5) siphoning of the corporation's funds by the dominant stockholder; (6) the absence of corporate records; and (7) the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders."[25]  "While the list of factors is not exhaustive and no single factor is dispositive, some combination is required, and an overall element of fraud, injustice, or unfairness must always be present."[26]

In support of both its SBE and alter ego claims, ShareCor points to its allegation that the Defendants have "overlapping corporate structure, ownership, administrative control, and intertwined nature of the business operations and finances."[27]  After reviewing the allegations in its *Petition*, however, the Court finds that ShareCor has failed to allege sufficient facts to support this conclusory statement.  Although the Court finds this allegation fails to support a viable SBE or alter ego claim in and of itself, the fact that the Defendants do share common directors and officers lends itself to ShareCor potentially stating a viable SBE claim.  Similarly, the allegations of the Defendants' fraudulent behavior combined with the reasonable inferences that could be drawn from the parties' Agreement regarding their intermingling of business operations, lends itself to ShareCor potentially stating a viable alter ego claim.

---

[25] *Precht v. Global Tower LLC*, Civ. Action No. 2:14-CV-00743, 2016 WL 7443139, *4 (W.D.La. Dec. 22, 2016)(quoting *In re Broadstripe, LLC*, 444 B.R. 51, 101 (Bankr. D. Del. 2010)).
[26] *Experian Info. Solns, Inc. v. Lexington Allen, L.P.*, Civ. Action. No. 4:10-CV-144, 2011 WL 1627115, *3 (E.D.Tex. Apr. 7, 2011)(quoting *Blair v. Infineon Technologies AG*, 720 F.Supp.2d 462, 471 (D.Del. June 29, 2010)).
[27] Doc. 1-1, p. 6, ¶27.

7

Considering that Rule 12(b)(6) motions to dismiss are generally disfavored and it is not clear that the defects in ShareCor's pleading are incurable, the Court hereby grants ShareCor's request to file an amended complaint to remedy its pleading deficiencies.

## V. CONCLUSION

For those reasons set forth above, it is hereby ordered that the *Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)*[28] filed by Santa Rosa Consulting, Inc., and the *Rule 12(b)(6) Motion to Dismiss*[29] filed by Sandlot Solutions, Inc., are hereby **DENIED WITHOUT PREJUDICE**.

It is further ordered ShareCor shall have 21 days from the date of entry of this *Ruling* to file an amended complaint. In response to ShareCor's amended complaint, Defendants may re-urge their respective Motions to Dismiss. In the event Rule 12(b)(6) Motions are re-filed, the Court orders all of the parties to fully address which state's veil piercing law applies to ShareCor's claims based upon the parties' Agreement and proper contract interpretation.

Signed in Baton Rouge, Louisiana, on February 24, 2017.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[28] Doc. 3.
[29] Doc. 11.