UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHARECOR, LLC**                                                  **CIVIL ACTION**

**VERSUS**                                                         **NO. 16-519-JJB-RLB**

**SANTA ROSA CONSULTING, INC.,
ET AL.**

## ORDER

Before the Court is defendant Santa Rosa Consulting, Inc.'s ("Santa Rosa") Motion for Protective Order Seeking a Stay of Discovery Pending Ruling on Motion to Dismiss (R. Doc. 32) filed on February 16, 2017.  The motion is opposed. (R. Doc. 34).

Sharecore, LLC ("Plaintiff") initiated this action in state court on June 21, 2016, asserting state law breach of contract claims and a single business enterprise ("SBE") claim. (R. Doc. 1-1, "Petition").  With regard to the SBE claim, Plaintiff alleges that Santa Rosa and its co-defendant Sandlot Solutions, Inc. "have overlapping corporate structure, ownership, administrative control and intertwined nature of the business operations and finances, and as such operate, and have operated, as a single business enterprise." (Petition, ¶ 27).  Santa Rosa removed the action on August 4, 2016, asserting that this Court has diversity jurisdiction over the action. (R. Doc. 1).

On August 11, 2016, Santa Rosa filed a motion to dismiss Plaintiff's SBE claim. (R. Doc. 3).  The instant motion seeks a stay of all discovery related to the SBE claim. (R. Doc. 32).

On February 24, 2017, the district judge denied Santa Rosa's motion to dismiss without prejudice to refile. (R. Doc. 33).  The district judge ordered Plaintiff to file any amended complaint within 21 days of the ruling denying the motion to dismiss, *i.e.*, March 17, 2017. (R. Doc. 33 at 8).  In so doing, the district judge provided that Defendants may re-urge their motions directed to the amended complaint, acknowledged some uncertainty in the applicable state law,

and further recognized "defects in ShareCor's pleadings" as it related to the SBE claim but that it was not clear if these defects were incurable. (R. Doc. 33 at 7-8).

Plaintiff argues that in light of the denial of Santa Rosa's motion to dismiss, the instant motion should be denied as moot. (R. Doc. 34).

Rule 26(c) of the Federal Rules of Civil Procedure allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

Considering the pleadings and the procedural posture of this action, the Court finds good cause to stay discovery with respect to Plaintiff's SBE claim[1] until Plaintiff has filed an amended complaint and Santa Rosa has had a reasonable opportunity to renew its motion to dismiss if applicable. Any party may request the Court to revisit this issue once appropriate briefing is complete.

Based on the foregoing,

---

[1] The Court takes no position regarding any particular discovery requests issued by the parties, and whether such requests would solely pertain to the SBE claim and thus subject to this Order.

**IT IS ORDERED** that the Santa Rosa Consulting, Inc.'s Motion (R. Doc. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery in this action pertaining only to Plaintiff's SBE claim is **STAYED**.  Either party may request that this limited stay be lifted should no dispositive motion pertaining to the (to be filed) amended complaint or upon completion of the briefing of any such motion.

Signed in Baton Rouge, Louisiana, on March 10, 2017.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**